MATTHEW G. BAGLEY (6820)
6141 W. INDIAN PONY WAY
HERRIMAN, UT 84096
TELEPHONE: (801) 819-5686
ATTORNEY FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| Juan Javier Aldama Lopez,<br><br>    Plaintiff,<br><br>v.<br><br>National Credit Systems, Inc.; and TransUnion, LLC,<br><br>    Defendants. | Case No.: 2:25-cv-00823<br><br>**COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit reports, thereby damaging Plaintiff.

## PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant, National Credit Systems, Inc., (NCS") is and at all times relevant

hereto was, a collections institution regularly doing business in the State of Utah.

4. At all times pertinent hereto, Defendant NCS was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

5. NCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant, TransUnion, LLC ("Transunion"), is a credit reporting agency, licensed to do business in Utah and at all times relevant hereto was regularly doing business in the state of Utah.

7. Defendant Transunion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

8. Defendant Transunion furnishes such consumer reports to third parties under contract for monetary compensation.

9. At all times pertinent hereto, Defendant Transunion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f), and was licensed to do business in Utah as a Foreign Limited Liability Company.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Utah and Defendants do business in Utah.

12. Personal jurisdiction exists over Defendants as Plaintiff resides in Utah, Defendants have the necessary minimum contacts with the state of Utah, and this suit arises out of specific conduct with Plaintiff in Utah.

## FACTUAL ALLEGATIONS

13. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants NCS and Transunion (collectively, "Defendants") and has suffered particularized and concrete

harm.

14. Defendant Transunion is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

15. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

16. Defendant Transunion has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

17. The NCS debt account in question arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

18. Defendant NCS acquired the debt after it was allegedly in default.

19. Defendant NCS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

20. Defendant NCS regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due.

21. On or around February 2025, Plaintiff discovered Defendant NCS was erroneously reporting an NCS account ("Account") as having a past due balance on Plaintiff's Transunion, Experian, and Equifax consumer reports.

22. The original creditor for the Account is Coventry Park Apartments.

23. Plaintiff never entered into a lease agreement with Coventry Park Apartments.

24. The false and misleading information regarding the NCS Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

## PLAINTIFF'S WRITTEN DISPUTE

25. On or about February 2025, Plaintiff sent a written dispute to Defendant Transunion (the "Dispute"), disputing the inaccurate information regarding the NCS Account

reporting on Plaintiff's Transunion consumer report.

26. Upon information and belief, Defendant Transunion forwarded Plaintiff's Dispute to Defendant NCS.

27. Upon information and belief, Defendant NCS received notification of Plaintiff's Dispute Letter from Defendant Transunion.

28. Upon information and belief, Defendant NCS verified the erroneous information associated with the Account to Defendant Transunion.

29. Defendant NCS did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the NCS Account.

30. Defendant Transunion did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the NCS Account.

31. Upon information and belief, Defendant NCS failed to instruct Defendant Transunion to remove the false and misleading information regarding the NCS Account reporting on Plaintiff's consumer report.

32. Defendant Transunion employed an investigation process that was not reasonable and did not remove the false and misleading information regarding the Account identified in Plaintiff's Dispute Letter.

33. At no point after receiving the Dispute Letter did Defendants NCS and Transunion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letter.

34. Defendant Transunion relied on its own judgment and the information provided to them by NCS, rather than grant credence to the information provided by Plaintiff.

35. Defendant Transunion published the false and misleading information regarding the Account to third parties.

## COUNT I – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

36. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

37. After receiving the Dispute, Defendant Transunion failed to correct the false and misleading information regarding the NCS Account reporting on Plaintiff's Transunion consumer report.

38. Defendant Transunion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Transunion published and maintained concerning Plaintiff.

39. As a result of this conduct, action, and/or inaction of Defendant Transunion, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. Defendant Transunion's conduct, action, and/or inaction was willful, rendering Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41. In the alternative, Defendant Transunion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Transunion, pursuant to 15 U.S.C. §1681n and/or §1681o.

COUNT II – TRANSUNION

FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

43. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

44. After receiving the Transunion Dispute, Defendant Transunion failed to correct the false and misleading information regarding the NCS Account reporting on Plaintiff's Transunion consumer report.

45. Defendant Transunion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by

failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

46. As a result of this conduct, action and/or inaction of Defendant Transunion, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. Defendant Transunion's conduct, action, and inaction was willful, rendering Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48. In the alternative, Defendant Transunion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – NCS

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(B)

50. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

51. After receiving the Dispute Letter, Defendant NCS failed to correct the false and misleading information regarding the NCS Account reporting on Plaintiff's consumer reports.

52. Defendant NCS violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of NCS's representations; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of NCS's representations to consumer credit reporting agencies, among other unlawful conduct.

53. As a result of this conduct, action, and/or inaction of Defendant NCS, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54. Defendant NCS's conduct, action, and/or inaction was willful, rendering NCS liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

55. In the alternative, Defendant NCS was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

56. Plaintiff is entitled to recover costs and attorneys' fees from Defendant NCS pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT IV – NCS

### FAIR DEBT COLLECTION PRACTICES ACT VIOLATION – 15 U.S.C. § 1692e

57. Plaintiff realleges and reaffirms the above paragraphs as though fully set forth herein.

58. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (*citing* 15 U.S.C. § 1692(e)).

59. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

60. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (*quoting Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

61. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011); *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000).

62. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221).

63. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (*quoting Lesher v. Law Offices of Mitchell N. Kay, P.C..,* 650 F.3d 993, 997 (3d Cir. 2011)).

64. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

65. Included as an example of conduct that violates 15 U.S.C. § 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

66. Thus, the plain language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

67. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

68. Defendant NCS violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Account, including by reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants, jointly and severally, for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violations;

C. The costs of instituting this action together with reasonable attorney's fees incurred by

   Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendant NCS for noncompliance of the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

A. An adjudication that NCS violated 15 U.S.C. § 1692e;

B. Plaintiff's statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

C. Plaintiff's actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

D. Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: September 18, 2025

/s/ Matthew G. Bagley
Matthew G. Bagley